UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| BALDEV GILL, an individual, and GURMEET GILL, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., a national association, doing business as AMERICA'S SERVICING COMPANY; CAL WESTERN RECONVEYANCE CORPORATION, a corporation; FEDERAL HOME LOAN MORTGAGE CORPORATION, an agency of the Federal Government and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.: 1:11-cv-00218-OWW -GSA<br><br>**ORDER ON MOTIONS TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:    Monday, June 6, 2011<br>Time:    10:00 AM<br>Dept:    Courtroom #3<br>Judge:   The Hon. Oliver W. Wanger, Presiding<br>         The Hon. Gary S. Austin, Referral<br><br>Trial Date:  (not yet set) |

The motions by (1) defendant Wells Fargo Bank, N.A. ("Wells Fargo"); and (2) defendant Federal Home Loan Mortgage Corporation ("Freddie Mac"); to dismiss the First Amended Complaint filed by plaintiffs Baldev Gill and Gurmeet Gill pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, came on for hearing in this Court on Monday, June 6, 2011 before the Hon. Oliver W. Wanger. Appearances are noted on the record.

After considering the moving and opposition papers, as well as oral argument, and good cause appearing, the Court issued its ruling, which it here adopts as its order, as follows:

- 1 -

## I. INTRODUCTION

Before the court are Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss Baldev Gill and Gurmeet Gills' (together, "Plaintiffs") first amended complaint ("FAC") (Doc. 4) and Defendant Federal Home Loan Mortgage Corporation's ("Freddie Mac") motion to dismiss the FAC (Doc. 10). Plaintiffs filed oppositions to both motions (Docs. 9 and 13, respectively), to which Wells Fargo replied (Docs. 11, 14). The motions were heard June 6, 2011.

## II. BACKGROUND

In June 2002, Plaintiffs purchased a residential property located at 3550 N. Lodi Avenue, Fresno, California 93722, Assessor's Parcel Number 511-192-01 ("Property"). In 2003, Plaintiffs obtained a loan for Plaintiff Baldev Gill's trucking business; the Property served as security for the loan.

Plaintiffs refinanced the Property on May 12, 2004. The Deed of Trust for the refinancing lists: Preferred Financial Group, Inc., dba Preferred Mortgage Services as the lender; North American Title Company as the trustee; and Mortgage Electronic Registration Systems ("MERS") as the beneficiary and nominee for the lender. (Doc. 5, Ex. A).

From April through July 2009, Plaintiffs fell behind in their mortgage payments. On July 27, 2009, Cal-Western Reconveyance Corporation ("Cal-Western") recorded a Notice of Default. (Doc. 5, Ex. C).

Plaintiffs allege that they contacted America's Servicing Company ("ASC") to apply for a modified payment plan sometime in 2009. Plaintiffs also allege that in or about 2009, Plaintiffs spoke to a representative from ASC who identified himself as "Fred," who told Plaintiffs that if they made their payments pursuant to the terms of the repayment plan, their foreclosure would be suspended. Plaintiffs allege that Fred told them: "Don't worry; we are going to put you on a repayment plan." Plaintiffs paid the sums due under their repayment plan for four months. Plaintiffs allege that they called ASC after three months and were told to continue making their payments pursuant to the repayment plan. Plaintiffs allege that they spoke with "Kathy" from ASC in late 2009 or early 2010, who told them the repayment plan was still in effect and that Plaintiffs would be "saved" from losing their home.

PDF created with pdfFactory trial version www.pdffactory.com

On September 21, 2009, a Substitution of Trustee was recorded substituting Cal-Western as Trustee under the Deed (Doc. 5, Ex. B). The Substitution was signed by Lorrie Womack as assistant secretary of MERS. Plaintiffs allege that Ms. Womack was not assistant secretary of MERS or otherwise employed by MERS, but was a trustee sale manager at Cal-Western.

On or about October 30, 2009, Cal-Western recorded a Notice of Trustee's Sale. (Doc. 5, Ex. E).

On or about August 23, 2010, Plaintiffs received a letter from ASC indicating that their loan modification had been denied. On or about August 26, 2010, Plaintiffs called ASC to make payment arrangements and were informed that the Property had been sold August 24, 2010.

A Trustee's Deed Upon Sale was recorded September 3, 2010, which was signed by Wendy V. Perry. (Doc. 5, Ex. F). Plaintiffs contend that Ms. Perry is not an employee or agent of Wells Fargo, but an employee of Cal-Western, and that Cal-Western falsified documents by signing them purporting to act as "attorney in fact" to streamline the foreclosure process.

On September 14, 2010, Plaintiffs filed a Complaint in the Superior Court of California, Fresno County, asserting eight state law causes of action against Defendants in connection with the foreclosure of the Property (Doc. 1-1). Plaintiffs filed the FAC on November 19, 2010 alleging ten state law causes of action against Defendants. (Doc. 1-8). Freddie Mac removed the case to federal court on February 7, 2011 on the basis of federal question jurisdiction. (Doc. 1.)

### III. LEGAL STANDARD

To survive a Rule 12(b) (6) motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Ball Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). A complaint does not need detailed factual allegations, but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In deciding a motion to dismiss, the court should assume the veracity of "well-pleaded factual allegations," but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 127 S.Ct. at 1950. "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'Naked assertion[s]'

PDF created with pdfFactory trial version www.pdffactory.com

devoid of 'further factual enhancement'" are also insufficient. *Iqbal*, 127 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Instead, the complaint must contain enough facts to state a claim to relief that is "plausible on its face." *Twombly*, 550 U.S. at 570.

A claim has facial plausibility when the complaint's factual content allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Iqbal*, 127 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974)).

The Ninth Circuit summarizes the governing standard as follows: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

If a district court considers evidence outside the pleadings, a Rule 12(b)(6) motion to dismiss must be converted to a Rule 56 motion for summary judgment, and the nonmoving party must be given an opportunity to respond. *Untied States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Id*. at 908.

### IV.   ANALYSIS

**A.   First Cause of Action:  Fraud (Wells Fargo)**

Under California law, the elements of common law fraud are "misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damages." *Gil v. Bank of Am., Nat'l Ass'n*, 138 Cal.App.4th 1371, 1381 (2006). "[T]o establish a cause of action for fraud a plaintiff must plead and prove in full, factually and specifically, all of the elements of the cause of action." *Conrad v. Bank of Am.*, 45 Cal.App.4th 133, 156 (1996). There must be a showing

- 4 -

PDF created with pdfFactory trial version www.pdffactory.com

"that the defendant *intended* to induce the plaintiff to act to his detriment in reliance upon the false representation." *Id.* (emphasis added).

Federal Rule of civil Procedure 9(b) imposes an elevated pleading standard for fraud claims. Rule 9(b) provides:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed.R.Civ.P. 9(b). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quotations omitted (quoting *Bly-Magee v. Cal.*, 236 F.3d 1014, 1019 (9th Cir. 2001). Allegations of fraud must include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz*, 476 F.3d at 764 (quotations omitted) (quoting *Edwards v. Marin Park, I*nc., 356 F.3d 1058, 1066 (9th Cir. 2004). The "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 576 F.3d 1120, 1124 (9th Cir. 2009) (quotations omitted) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)). A plaintiff alleging fraud "must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106. When asserting a fraud claim against a corporation, "a plaintiff's burden . . . is even greater. . . . [T]he plaintiff must 'allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.'" *Lazar v. Superior Court*, 12 Cal.4th 631, 645, 49 Cal.Rptr.2d 377 (1996) (quoting *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 157 (1991)).

The FAC alleges that MERS was listed as a beneficiary on the Notice of Default dated July 27, 2009, but that MERS was a suspended corporation and had no legal authority. The FAC also alleges that Wells Fargo did not have authority to accept payments as of July 27, 2009, as MERS did not assign the Deed of Trust to Wells Fargo until September 21, 2009. Wells Fargo

PDF created with pdfFactory trial version www.pdffactory.com

rejoins that Plaintiff is confusing MERS with a similarly named suspended corporation, not MERS. Regardless, these allegations do not allege a misrepresentation, knowledge of falsity, intent to defraud, or justifiable reliance.

The FAC also alleges that in or about 2009, Plaintiffs spoke with a representative from ASC who identified himself as "Fred," who told Plaintiffs that if Plaintiffs made their payments pursuant to the terms of a repayment plan, their foreclosure would be suspended. The FAC alleges that Plaintiffs were notified that the repayment plan would take place for three months, and that after three months, they would receive a loan modification. The FAC alleges that Fred specifically told Plaintiffs: "Don't worry, we are going to put you on a repayment plan."

The FAC alleges that Plaintiffs paid the sums due under the repayment plan for four months, and that when Plaintiffs called after three months, they were told to continue their payments pursuant to the terms of the repayment plan. The FAC also alleges that in late 2009 or early 2010, they spoke to "Kathy" from ASC and were notified that the repayment plan was still in effect and that Plaintiffs would be "saved" from losing their home. The FAC alleges that after the fourth month, Plaintiffs again contacted ASC and were led to believe that the repayment plan had solidified into a permanent loan modification. The FAC alleges that these promises were made, even though Defendants had no intention of honoring the statements made to Plaintiffs, that Defendants knew they were untrue and did not intend to keep them, and that they were done to prevent Plaintiffs from bringing their loan current and saving their home.

Plaintiffs' allegations of fraud are deficient. The FAC does not allege any misrepresentation with respect to "Fred," who said: "Don't worry, we are going to put you on a repayment plan." The allegations regarding "Kathy's" statement are not specific enough to satisfy Rule 9(b) and also do not contain any misrepresentations. "Unless an agreement to restructure a loan embodies definite terms, capable of enforcement, it is not a legally valid contract. 'Preliminary negotiations or an agreement for future negotiations are not the functional equivalent of a valid, subsisting agreement.'" *Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 483, 261 Cal.Rptr. 735 (1989); *accord Keen v. Amer. Home Mortg. Servicing, Inc.*, 2009 WL 3380454, *9 (E.D.Cal. 2009) (citing *Price*). The FAC's allegation that Plaintiffs again contacted ASC after the

- 6 -

PDF created with pdfFactory trial version www.pdffactory.com

fourth month and were led to believe that the repayment plan had solidified into a permanent loan modification do not identify a specific person who made the statement or any misrepresentation stated to Plaintiffs.  The FAC also fails to allege any authority of "Fred," "Kathy," or the third unnamed person to speak on behalf of Wells Fargo.

Wells Fargo's motion to dismiss Plaintiffs' first cause of action is GRANTED, without prejudice.

### B. Second Cause of Action: Promissory Estoppel (Wells Fargo)

The elements of a promissory estoppel claim are (1) a promise clear and unambiguous in its terms: (2) reliance by the party to whom the promise is made; (3) the reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his or her reliance.  *E.g., Aceves v. U.S. Bank N.A.*, 192 Cal.App.4th 218, 227, 120 Cal.Rptr.3d 507 (2011).  Under this doctrine, "a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promise or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." *Kajima/Ray Wilson v. L.A. Cnty. Metro. Transp. Auth.*, 23 Cal.4th 305, 310 (2000) (quoting Restatement (Second) of Contracts, § 90(1) (1981)).

The FAC does not allege an unambiguous promise.  Wells Fargo's alleged promise that the repayment plan would be in effect for three months and was still in effect is not a promise that Plaintiffs' loan modification would be approved.

Wells Fargo's motion to dismiss Plaintiffs' second cause of action is GRANTED, without prejudice.

### C. Third Cause of Action: Quiet Title (Freddie Mac)

An action to quiet title may be brought to establish title against adverse claims to real property or any interest therein.  Cal.Code Civ.Proc. § 760.020.  An action to quiet title must be set forth in a "verified complaint" containing the following:  (1) a description of the property, both legal description and street address; (2) the title of the plaintiff, and the basis for that title; (3) the adverse claims to be plaintiff's title; (4) the date as of which the determination is sought; and (5) a

PDF created with pdfFactory trial version www.pdffactory.com

prayer for the determination of the plaintiff's title against the adverse claims.  Cal. Civ. Proc. Code § 761.020(a)-(e).

First, the FAC is not verified, and is subject to dismissal for failing to meet the procedural requirements of § 761.020.

Second, Freddie Mac argues correctly that the cause of action to quiet title should be dismissed because Plaintiffs have failed to tender the full amount owed on their loan, which they must do before seeking redress from a trustee's sale.  "In California it is well-settled that 'a mortgager cannot quiet his title against the mortgagee without paying the debt secured.'" *Briosos v. Wells Fargo Bank*, 737 F.Supp.2d 1018, 1032 (N.D.Cal. 2010) (quoting *Shimpones v. Stickney*, 219 Cal. 637, 649, 28 P.2d 673 (1934); *see also, e.g., Dimock v. Emerald Prop. LLC*, 81 Cal.App.4th 868, 877-78 (2000) ("[I]n the context of overcoming a voidable sale, the debtor must tender any amounts due under the deed of trust.").

Plaintiffs argue that under *Humboldt Sav. Bank v. McCleverty*, 161 Cal. 285, 291, 119 P. 82 (1911), "it is certainly not the law that an offer to pay the debt must be made, where it would be inequitable to exact such offer of the party complaining of the sale." *Humboldt*, however, concerned the foreclosure of two parcels of property and a widow's interest in one parcel.  The court held it inequitable to condition the widow's right to attack the sale on payment for both parcels rather than just her own parcel.  *Id.*  *Humboldt* is inapplicable here because Plaintiffs actually owed the debt.

Third, Wells Fargo and Freddie Mac argue that Plaintiffs cannot bring a claim to quiet title because they are not the legal owners of the Property.  Wells Fargo cites two unpublished district court cases: *Distor v. U.S. Bank NA*, 2009 WL 3429700, *6 (N.D.Cal. 2009) ("[B]ecause the property has already been sold, quiet title is no longer an appropriate action to seek to undo the foreclosure.  Plaintiff's claim to title has already been extinguished."); *Myvett v. Litton Loan Servicing, LP,* 2010 WL 761317, *6 (N.D.Cal. 2010) ("[P]laintiffs' claim to the property is extinguished as they allege and admit the property has been sold; consequently, plaintiffs' action to quiet title necessarily fails.").  The FAC does not allege that Plaintiffs hold title to the Property.

Freddie Mac's motion to dismiss Plaintiffs' third cause of action is GRANTED, without prejudice.

### D.     Fourth Cause of Action: Declaratory Relief (Wells Fargo, Freddie Mac)

Plaintiffs' claim for declaratory relief is based on the allegation that the foreclosure sale of the Property violated California Civil Code § 2923.6; that the Trustee's sale was null and void because it was unfairly and improperly conducted and violated California Civil Code §§ 2923 and 2924 et seq.; that Defendants wrongfully caused a Notice of Default and Notice of Trustee's Sale to be recorded against the Property; and that none of Defendants had any right to interest in the Note, Deed, or the Property which authorized them to record such instrument.

For the reasons set forth in this memorandum decision, the FAC does not allege any cognizable legal theory sufficient to support any claim for declaratory relief. Wells Fargo and Freddie Mac's motions to dismiss the fourth cause of action are GRANTED, without prejudice.

### E.     Fifth Cause of Action: Void and Cancel Substitution of Trustee (Wells Fargo, Freddie Mac) and Sixth Cause of Action: Void and Cancel the Assignment of the Deed of Trust (Wells Fargo)

Plaintiffs' fifth and sixth causes of action are premised on the argument that the signatory for both the Substitution of Trustee and the Assignment of Deed of Trust are invalid. The fifth cause of action alleges that the Substitution of Trustee is invalid because Lorrie Womack signed as a VP for MERS, but she is an employee of Cal-Western. The sixth cause of action alleges that the Assignment of Deed of Trust is invalid because Jennifer Victa executed it on behalf of MERS, but is an employee of Cal-Western.

Wells Fargo correctly points out that under California Civil Code § 2934a, a trustee may be substituted by the mortgagee, beneficiary or their agents. Cal.Civ. Code §2924a. Section 2924a provides: "If, by the terms of any trust or deed of trust a power of sale is conferred upon the trustee, the attorney for the trustee, or any duly authorized agent, may conduct the sale and act in the sale as the auctioneer for the trustee." Cal.Civ. Code §2924a. A lender or beneficiary may make a substitution of the trustee to conduct the foreclosure and sale. *Kachlon v. Markowitz*, 168 Cal.App.4th 316, 334 (2008). "The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded." Cal.Civ., Code §2932.5. Plaintiffs have not pled

PDF created with pdfFactory trial version www.pdffactory.com

any facts to establish or allege a good faith basis for the contention that Womack and Victa are not agents of MERS, and did not have authority to execute the Substitution of Trustee and Assignment of Deed of Trust.

In addition, there is a rebuttable presumption that a foreclosure sale was conducted regularly and fairly, unless a procedural irregularity constituted a substantial defect that is prejudicial to the trustor or claimants. *Knapp v. Doherty*, 123 Cal.App.4th 76, 96 (2004). The buyer cannot be a bona fide purchaser. *6 Angels, Inc. v. Stuart-Wright Mortg., Inc.*, 85 Cal.App.4th 1279, 1286, 102 Cal.Rptr.2d 711 (2001) ("Thus, once a deed reciting that all legal requirements have been satisfied has been transferred to a buyer at a foreclosure sale, the sale can be successfully attacked on the grounds of procedural irregularity only if the buyer is not a bona fide purchaser."). "It is the burden of the party challenging the trustee's sale to prove such irregularity and thereby overcome the presumption of the sale's regularity." *Melendrez v. D & I Inv., Inc.* 127 Cal.App.4th 1238, 1258 (2005). The FAC does not allege that the buyer was not a bona fide purchaser or any other facts to overcome the presumption of regularity.

Wells Fargo and Freddie Mac's motions to dismiss the fifth cause of action and Wells Fargo's motion to dismiss the sixth cause of action are GRANTED, without prejudice.

**F.     Seventh Cause of Action:  Void and Cancel the Trustee's Deed Upon Sale (Wells Fargo)**

Plaintiffs move to cancel the Trustee's Deed Upon Sale based on the alleged fraud set forth in the first cause of action and the alleged defective signatures of Womack and Victa in the fifth and sixth causes of action. For the reasons set forth in this memorandum decision, the FAC does not allege any basis to void and cancel the Trustee's Deed Upon Sale.

Wells Fargo's motion to dismiss the seventh cause of action is GRANTED, without prejudice.

**G.     Eighth Cause of Action:  Injunctive Relief (Wells Fargo, Freddie Mac)**

As the FAC fails to plead any cause of action, Wells Fargo and Freddie Mac's motions to dismiss the eighth cause of action is GRANTED, without prejudice.

07685/0725/888503.2                                                                                    [PROPOSED] ORDER
CASE NO. 1:11-cv-00218-OWW –GSA
PDF created with pdfFactory trial version www.pdffactory.com

### H.   Ninth Cause of Action:  Set Aside Illegal Trustee's Sale (Wells Fargo, Freddie Mac)

Plaintiffs' ninth cause of action is premised on Wells Fargo and Cal-Western's alleged lack of standing to initiate foreclosure on the Property, based on the allegedly faulty signatures discussed in the fifth and sixth causes of action. The FAC also alleges that Cal-Western lacked standing because it was substituted by MERS, an entity that did not have legal authority to act when the Substitution of Trustees was recorded September 21, 2009. As discussed above, the FAC does not sufficiently allege facts to support those causes of action. The FAC also fails to allege a tender of the amount of the indebtedness, which is a prerequisite to an action to set aside a foreclosure sale effected under a deed of trust in California. *E.g. Karlsen v. Am. Sv. & Loan Assoc.*, 15Cal.App.3d 112, 117-18, 92 Cal.Rtpr. 851 (1971).

Wells Fargo and Freddie Mac's motions to dismiss the ninth cause of action are GRANTED, without prejudice.

### I.   Tenth Cause of Action:  Unfair Business Practices (Wells Fargo)

California law prohibits unfair competition including "any unlawful, unfair or fraudulent business act or practice." Cal.Bus. & Prof. Code § 17200 et seq. ("UCL'). Because the statute is written in the disjunctive, it applies separately to business acts or practices that are (1) unlawful, (2) unfair, or (3) fraudulent. *See Pastoria v. Nationside Ins.*, 112 Cal.App.4th 1490, 1496, 6 Cal.Rptr.3d 148 (2003). Each prong of the UCL is a separate and distinct theory of liability. *See id.*

"California's UCL has a broad scope that allows for 'violations of other laws to be treated as unfair competition that is independently actionable' while also 'sweep[ing] within its scope acts and practices not specifically proscribed by any other law.'" *Hauk v. JP Morgan Chase Bank U.S.A.*, 552 F.3d 1114, 1122 (9th Cir. 2009) (citations omitted). "Violation of almost any federal, state, or local law may serve as the basis for a UCL claim." *Plascencia v. Lending 1st Mortg.*, 583 F.Supp.2d 1090, 1098 (N.D. Cal. 2008) (citing *Saudners v. Superior Court*, 27 Ca.App.4th 832, 838-839 (1994)).

PDF created with pdfFactory trial version www.pdffactory.com

The FAC alleges that Wells Fargo engaged in unfair business practices by:

(1) Failing to engage in loan modification or workout discussions in good faith as required by California Civil code § 2923.6;

(2) Failing to properly disclose the beneficiary in the Notice of Default;

(3) Recording a Notice of Default listing parties which had no standing to foreclose as of the date the Notice of Default was recorded; and

(4) Recording an Assignment of Deed of trust assigned by a party which lacks standing to act as the beneficiary.

As to Plaintiffs' first allegation, California Civil Code § 2923.6 does not require lenders to engage in loan modification or workout discussions.  See Cal.Civ. Code § 2923.6(b) ("It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority.").  Plaintiffs' other allegations are insufficient, for the reasons discussed above.

Wells Fargo's motion to discuss the tenth causes of action is GRANTED, without prejudice.

### V.   CONCLUSION

For the reasons stated above:

1. Wells Fargo's Motion to Dismiss is GRANTED without prejudice.

2. Freddie Mac's Motion to Dismiss is GRANTED without prejudice.

3. Wells Fargo and Freddie Mac shall submit a proposed form of order consistent with this memorandum decision within five (5) days of electronic service of this memorandum decision.

4. Plaintiffs shall have until July 26, 2011 to file an amended complaint.  If Plaintiffs file an amended complaint, Defendants shall have until 21 days after the filing and electronic service of the amended complaint to file a responsive pleading.

IT IS SO ORDERED.

Dated:  July 5, 2011                             /s/ OLIVER W. WANGER
                                                 Oliver W. Wanger
                                                 UNITED STATES DISTRICT JUDGE

- 12 -

PDF created with pdfFactory trial version www.pdffactory.com